# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MOSES L. JOHNSON III,

      Plaintiff,

v.                                                                     Civil Action No. 05-2392-JWL-DJW

BNSF RAILWAY COMPANY,

      Defendant.

## PROTECTIVE ORDER

Upon joint motion (doc. 7) by the parties for entry of a protective order to ensure and maintain the confidentiality of certain personnel information and records regarding Plaintiff and persons who are not parties to this action, more specifically, personnel files, compensation information, disciplinary records, medical records, applicant records and evaluation records, produced by Defendant BNSF in response to pretrial discovery requests and utilized by the parties in these proceedings, and for good cause shown, the Joint Motion for Protective Order (doc. 7) is granted and it is hereby ORDERED:

    1.    This Protective Order shall govern any document or other discovery material designated as "Confidential" by counsel and consisting of

> personnel information and records regarding Plaintiff and persons who are not parties to this action; more specifically, personnel files, compensation information, disciplinary records, medical records, applicant records and evaluation records including any applicant records and any information and records from the personnel file of any current or former employee of Defendant BNSF, or from any other file that names or otherwise identifies any such applicant or current or former employee of Defendant BNSF,

which document or material is produced in response to any discovery requested or obtained by Plaintiff in the above-captioned case.

    2.    It is understood by Plaintiff that all such Confidential documents, and the information contained in such documents, produced by Defendant BNSF, are confidential.

    3.    The inadvertent failure to designate a document "Confidential" does not constitute a waiver of such claim, and a party may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Protective Order.

    4.    All such Confidential documents, and the information contained in such documents,

produced by Defendant shall be treated as confidential by Plaintiff and all persons covered by this Agreement, and shall be used solely for the prosecution of this action. No such document, and no information contained in any such document, produced by Defendant BNSF shall be disclosed by Plaintiff or anyone on Plaintiff's behalf, in any manner whatsoever, except as provided herein.

5. Confidential Information may not be used or disclosed except as provided in this Protective Order. Confidential Information may only be copied, disclosed, disseminated, discussed, or inspected, in whole or in part, for purposes of this lawsuit and only by the following persons:

(a) the parties in this lawsuit;

(b) counsel representing any party in this lawsuit and counsel's employees;

(c) the author/drafter of any Confidential Information and any person to whom that Confidential Information was addressed;

(d) deponents incident to their depositions in this lawsuit;

(e) witnesses in any hearing, trial, or other court proceeding in this lawsuit;

(f) experts and consultants, and their staff, retained by a party, or a party's counsel, to assist in the preparation and trial of this lawsuit;

(g) the Court and any persons employed by the Court working on this lawsuit;

(h) court reporters, including stenographers and video technicians; and

(i) any other person who the parties stipulate in writing may have access to Confidential Information.

6. Disclosure shall not be made of any such Confidential documents to any individual (except for counsel and support staff) unless and until Plaintiff or counsel for Plaintiff shall have first presented to such individual a copy of this Protective Order.

7. Defendant BNSF may consent that a document produced pursuant to discovery may be removed from the scope of this Protective Order. Such consent shall be indicated in writing addressed to counsel for Plaintiff.

8. If Plaintiff considers a document designated as Confidential not to be Confidential and

desires the removal of such designation, counsel for Plaintiff shall discuss the matter with counsel for Defendant BNSF to ascertain if confidentiality by agreement may be lifted or narrowed. If agreement of counsel cannot be had, then the Court may, upon application, make such order as is appropriate in the circumstances.

9. It is understood that no copies shall be made of Confidential documents produced by Defendant BNSF, unless necessary in connection with this litigation. It is further understood that upon completion of the litigation only one copy of any Confidential documents may be retained by opposing counsel and that the provisions of this Agreement shall remain in effect after termination of this matter unless otherwise agreed by the parties in writing or pursuant to Court Order.

10. The termination of proceedings in this action shall not relieve any person to whom confidential material has been disclosed from the obligations of this Protective Order, unless required by law or Court Order.

11. Entering into, agreeing to and/or producing or receiving documents designated "Confidential" or otherwise complying with the terms of this Protective Order shall not:

    (a) operate as an admission by any party that any particular document contains or reflects trade secrets or any other type of confidential information;

    (b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular document or information deemed by any party to be "Confidential";

    (c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

    (d) prejudice in any way the rights of a party to seek a determination by the Court whether any document should be subject to the terms of this Protective Order;

    (e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

    (f) prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular document.

12. If a party receives a subpoena or other document request from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, then that party shall, within 7 days of receiving the subpoena or other document request, give written notice to the producing party, identifying the Confidential Information sought and enclosing a copy of the subpoena or other document request.

13. The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing, or as ordered by the Court. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective upon approval by the Court. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order by the Court.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 24th day of February, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties